UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00031-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | CASTRO ORDER |
| | ) | |
| **STEVE O'SHEA MONROE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a letter from defendant to the court. In that letter, defendant challenges the court's determination that the violation of his supervised release constituted a "Grade A" violation. Inasmuch as the time for appeal under Rule 4, F.R.App.P. or correction of that sentence under Rule 35, Fed.R.Crim.P., has run, the court determines that such letter may be an attempt to file a Motion to Vacate or Correct Sentence under Section 2255.

Although not filed on Section 2255 forms and not signed under penalty of perjury, a broad reading of defendant's letter/motion reveals that it presents a collateral attack on his underlying SRV conviction or sentence, potently making such letter a Section 2255 motion. Before construing such letter as a Section 2255 Motion to Vacate, Set Aside, or Correct a Sentence, the court will first advise defendant of the consequences of construing such letter as a motion and then advise defendant on the method for making his election, all in the form of the following Notice:

**NOTICE**

In accordance with Castro v. United States, 540 U.S. 375 (2003), defendant is advised that the court intends to recharacterize this letter/motion as an attempt to file a motion pursuant to 28

1

U.S.C. § 2255. Defendant is provided an opportunity to advise the court whether defendant agrees or disagrees with this recharacterization of the motion.

Before making this decision, the defendant should consider that if the court construes this motion as one brought pursuant to § 2255, it will be defendant's first § 2255 petition, which will mean that before defendant can thereafter file a second or successive § 2255 petition, the defendant must apply for and receive certification from the United States Court of Appeals for the Fourth Circuit. In making such determination, defendant should consider that the law imposes a one year statute of limitations on the right to bring a motion pursuant to §2255. Defendant is advised to discuss this matter with legal counsel if counsel remains in the case. Defendant is required to respond within 30 days of service of this Order in one of two ways:

(1) if the defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, the court will rule on the merits of the motion as one brought pursuant to Rule 35(b) in the criminal action, a motion which is likely untimely; or

(2) if the defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed. If the Defendant agrees to have the motion considered as one pursuant to §2255, the court will provide a time within which an amendment to the motion to the extent permitted by law may be filed, which includes, but is not limited to, signing an Amended Motion to Vacate under penalty of perjury.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant must comply with the provisions of this Order by written filing on or before thirty (30) days after entry of this Order.

Signed: September 18, 2015

*[Signature]*
Max O. Cogburn Jr
United States District Judge