UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15cv_____

[Criminal Case No. 3:01cr31]

| | |
|---|---|
| STEVIE O. MONROE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | 60-DAY ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on initial review of what the court has construed, after providing petitioner with Notice under Castro v. United States, 540 U.S. 375 (2003) (see Order (#684) in United States v. Monroe, 3:01 cr31 (W.D.N.C. 2015)), as a Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.[1]

In accordance with the Rules Governing Section 2255 Proceedings, the court has now conducted an initial screening and determined that the time for filing a direct appeal has run and that the petition has been filed within the time provided under Section 2255(f). While the letter has been signed, it has not been signed under penalty of perjury and petitioner will be instructed to cure such oversight in 30 days by filing a declaration with the court as instructed at the end of this Order.

---

1  Having waited a number of days after the period provided, it appears that petitioner has not responded to the Castro notice. In accordance with such notice, which provided for construing his letter as a § 2255 petition in the event he did not respond, the court has deemed the letter to be a §2255 petition.

Substantively, petitioner has alleged the following claims, which the court determines are sufficiently colorable under Section 2255 to warrant a response from the respondent:

    I.    Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to object to classification of his new law violation as a Class A violation rather than a Class C violation, because such state law drug offense was not punishable by more than 12 months imprisonment.

    II.    Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to object pursuant to §4A1.2(e) of the United States Sentencing Guidelines to the court's inclusion of felony convictions greater than 15 year olds in determining his criminal history category.

## ORDER

**IT IS, THEREFORE, ORDERED** that the respondent Answer or otherwise Respond to the Petition within 60-Days.

**IT IS FURTHER ORDERED** that within 30 days petitioner file with this court an affidavit or declaration in which he swears, affirms, or declares that the statements and information provided to this court in his letter, now deemed a petition, are true.

The Clerk of Court is instructed to now open a Section 2255 civil proceeding and include in the initial docket entries: (1) the petitioner's letter; (2) this court's <u>Castro</u> Order; and (3) this Order.

Signed: October 26, 2015



Max O. Cogburn Jr
United States District Judge